UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN BAIN, as the Administrator of the Estate of DARRYL BAIN, deceased,

                             Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3,

                             Defendants.

RTD/6665

ANSWER

CV11-0684 (JFB)(ETB)

JURY TRIAL DEMANDED

      Defendant, County of Suffolk, by its attorney, Christine Malafi, Suffolk County Attorney, by Richard T. Dunne, Assistant County Attorney, answering the plaintiff's Complaint respectfully:

1.    Avers that the allegations contained in the paragraphs numbered 1, 2, 3, 15 and 65 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, defendant makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 4, 5, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 31, 32, 35, 36, 38, 39, 40, 41, 42, 43, 44 and 46 of the Complaint.

3.    Denies the allegations contained in the paragraphs numbered 24, 30, 45, 47, 49, 50, 51, 53, 54, 56, 57, 59, 60, 61, 63 and 64 of the Complaint.

1

4. Answering the paragraphs numbered 48, 52, 55, 58 and 61 of the Complaint, defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. That no custom or usage adopted, followed, endorsed or ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. That this Court lacks subject matter jurisdiction.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. That plaintiff's claims, if any, are barred in whole or in part by the Statute of Limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. That defendant's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. That the substance of any communications, if any, made by the defendant and/or its agents are and were true.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16. That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of its official duties and responsibilities.

17. That defendant acted in what it did solely pursuant to its duties and responsibilities as law enforcement and/or prosecuting officials.

18. That defendant at all times acted in good faith in that it reasonably believed that it was exercising and acting within its statutory and constitutional powers.

19. That in performing such duties and responsibilities, defendant is and was protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      March 15, 2011

                                              Christine Malafi
                                              Suffolk County Attorney
                                              Attorney for Defendant
                                              County of Suffolk
                                              P.O. Box 6100
                                              100 Veterans Memorial Highway
                                              Hauppauge, New York 11788-0099
                                              (631) 853-4049

                                    By: _____
                                              Richard T. Dunne
                                              Assistant County Attorney

To:
David Segal, Esq.
30 Vesey Street, Suite 900
New York, NY 10007